## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

CHERI THOMPSON,          )

               )           **CIVIL ACTION**

       **Plaintiff,**     )

               )          **NO. 4:16-CV-40132-TSH**

        **v.**        )

               )

**NCL (BAHAMAS) LTD d/b/a**  )

**NORWEGIAN CRUISE LINE,**  )

               )

      **Defendant.**    )

———————————————————————

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO TRANSFER
### (Docket No. 12)

### January 20, 2017

**HILLMAN, D.J.**

Plaintiff Cheri Thompson filed the present lawsuit against defendant NCL (Bahamas) Ltd., *d/b/a* Norwegian Cruise Line ("NCL") seeking to recover for personal injuries she suffered when she fell on a wet dance floor aboard a cruise ship that departed from Boston in August 2016. NCL filed this motion to transfer venue to the Southern District of Florida in Miami pursuant to 28 U.S.C. 1404(a), on the grounds that the action involves an alleged maritime tort that occurred outside of Massachusetts, and that the forum selection clause in the Guest Ticket Contract unambiguously designates Southern District of Florida in Miami as the court of exclusive jurisdiction over such actions.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under the balancing test prescribed by 28 U.S.C. §1404(a) "[t]he

1

presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Forum selection clauses in maritime contracts are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

Thompson did not file an opposition to NCL's motion to transfer this case to S.D. Florida, or dispute the enforceability or reasonableness of the Guest Ticket Contract or its forum selection clause. Moreover, a letter submitted by NCL to this court on January 13, 2017 (Dkt. #15) states that Thompson consents to the transfer. As pointed out in NCL's memorandum in support of its motion, numerous jurisdictions have found NCL's Guest Ticket Contract fair and reasonable[1], and Miami-Dade County, Florida is where its company is headquartered, and where a large number of its employees, which may be called to testify during a trial, are based. As the injury did not occur in Massachusetts, the only apparent tie to this district is that the plaintiff, who does not oppose the transfer, resides here. Accordingly, Defendant's motion to transfer (Docket No. 12) is ***granted***.

SO ORDERED.

/s/ Timothy S. Hillman_____
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

---

[1] *Reynolds-Naughton v. Norwegian Cruise Line Limited*, 386 F.3d 1 (1 C.A. 2004); *Barkin v. Norwegian Caribbean Lines*, 1987 WL 766923, at *4 (D. Mass.); *Keikian v. Norwegian Cruise Line, Ltd.*, 2004 Mass.App.Div. 91; *Lurie v Norwegian Cruise Lines, Ltd.*, 305 F.Supp. 2d 352 (S.D.N.Y. 2004); *Siegel v. Norwegian Cruise Line, Ltd.*, 2001 WL 1905983 (D.N.J.); *Colby v. Norwegian Cruise Lines, Inc.*, 921 F.Supp. 86, 89 (D. Conn. 1996).